**BIZHU CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75486.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007 *.

Filed May 24, 2007.

Bizhu Chen, Alhambra, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland, San Francisco, CA, Edward J. Duffy, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Bizhu Chen, a native and citizen of Chi-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

na, petitions for review of the Board of Immigration Appeals' ("BIA") order which summarily affirmed an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Akinmade v. INS*, 196 F.3d 951, 954 (9th Cir.1999), and we grant the petition for review and remand.

■ The IJ's adverse credibility determination is not supported by substantial evidence because Chen's fraudulent K–1 visa application packet cannot serve as a basis for an adverse credibility determination. *See id.* at 955–56 (fraudulent documents presented for the purpose of escaping immediate danger from an alien's country of origin or for the purpose of gaining entry into the United States cannot serve as a basis for an adverse credibility determination).

■ Furthermore, the inconsistencies and omissions cited by the IJ are of minor import and do not go to the heart of Chen's claim. *See Osorio v. INS*, 99 F.3d 928, 931 (9th Cir.1996) (" 'Minor inconsistencies' that 'reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding.' ") (quoting *Vilorio–Lopez v. INS*, 852 F.2d 1137, 1142 (9th Cir.1988)); *see also Lopez–Reyes v. INS*, 79 F.3d 908, 911 (9th Cir.1996) ("[i]t is well settled that an applicant's testimony is not per se lacking in credibility simply because it includes details that are not set forth in the asylum application").

■ The IJ's adverse credibility determination also rests on impermissible speculation that while under house arrest,

Chen would not be able to obtain a passport and leave China. *See Ge v. Ashcroft*, 367 F.3d 1121, 1126 (9th Cir.2004) (IJ relied on impermissible personal speculation about the security practices and effectiveness of Chinese officials).

Accordingly, we grant the petition for review and remand the case to the BIA to consider whether she is eligible for relief. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**